**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JAMES LAMONT CHAPMAN, JR., | Criminal No. 00-158 (3) (JRT/FLN) |
| Petitioner, | Civil No. 05-639 (JRT) |
| v. | **MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

James Lamont Chapman, 1423 Emerson Avenue North, Minneapolis, MN 55411, *pro se*.

Lisa Biersay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for respondent.

This matter is before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 brought by petitioner James Lamont Chapman ("Chapman"). Chapman was convicted of conspiracy to distribute marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a) and is currently on supervised release as part of a sentence imposed upon him by this Court. For the reasons that follow, the Court denies the petition.

## BACKGROUND

"During a routine traffic stop, a Colorado state trooper discovered that Mr. Barron's trunk contained four duffel bags full of marijuana. Mr. Barron agreed to cooperate in a controlled delivery, and agents of the Drug Enforcement Agency (DEA) accompanied him to meet his buyer in Minnesota, where the focus of the investigation

shifted to Mr. Chapman and his brother." *United States v. Chapman*, 345 F.3d 630, 631 (8th Cir. 2003). Both Craig and James Chapman were put under surveillance. A controlled buy was eventually conducted, which resulted in the arrest of Craig Chapman and Barron. Search warrants were then obtained for the homes of Craig and James Chapman. In the garage of James Chapman's residence, guarded by James Chapman's dog, officers found a blue Rubbermaid cooler that contained marijuana residue, marijuana shake, and baggies with James Chapman's fingerprints on them.

All three men were indicted on narcotics and conspiracy charges. The government moved for Barron's pretrial detention, but the motion was denied. Barron fled and remains a fugitive. At trial, petitioner argued vigorously that the government had hidden crucial witnesses and planted and manipulated evidence, including by permitting Barron to flee, possibly to avoid disclosure of an alleged long-term informant relationship that allegedly had resulted in the dismissal of numerous charges against Barron. Petitioner also argued that the government had a bias against the Chapmans. This Court found those accusations to be unsubstantiated and, in large part, irrelevant.

On August 9, 2001 the jury returned guilty verdicts for both Craig and James Chapman. On appeal, the Eighth Circuit upheld the conviction, dismissing petitioner's hearsay and Confrontation Clause objections as harmless error. *Id.* at 632. The United States Supreme Court denied certiorari on March 22, 2004. *Chapman v. United States*, 541 U.S. 955 (2004). On March 24, 2005 Chapman filed the present motion for relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, entrapment and misrepresentation by the government for failure to disclose that Barron was a government informant, and violation of petitioner's Confrontation Clause rights.

**ANALYSIS**

Petitioner's conviction became final upon completion of direct review when the Supreme Court denied certiorari on March 22, 2004, and he had one year from that date to file his section 2255 motion. *See* 28 U.S.C. § 2255(1)-(4) (absent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final); *Sweet v. Delo*, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction). Therefore, because petitioner's motion for writ of habeas corpus was presented to the Court on March 24, 2005, petitioner is time-barred from pursuing his motion, and it must therefore be denied.[1] *United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003).

Furthermore, the Court finds that if petitioner's motion were considered on its merits, his petition would still be denied. To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255. All of petitioner's claims, with the exception of ineffective assistance of counsel, were raised by petitioner and addressed by the Court during trial or appeal. Petitioner presents no new evidence or argument demonstrating that the Courts' previous rulings were erroneous. Similarly, petitioner provides no explanation of how his attorneys were ineffective. Accordingly, the Court finds no basis upon which to grant petitioner any relief. *See Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984)

---

[1] Although the prison-mailbox rule has been extended to pro se § 2255 motions and may, in some cases provide prisoners a small amount of leeway on the one year statute of limitations, *see Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999), petitioner had already been granted supervised release when he filed the instant petition.

(stating standard for ineffective assistance of counsel); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) (stating that in a proceeding under 28 U.S.C. § 2255, petitioner bears the burden of proof upon each ground presented for relief).

For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this petition differently. For this reason, the Court concludes that petitioner has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997); *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

## ORDER

Based on the foregoing, and all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 303] is **DENIED**.

2. For purposes of appeal, the Court does not certify the issues raised in petitioner's motion for a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED: August 26, 2005                 s/John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                              United States District Judge